Filed 6/13/18

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| DAWN D. TURNBULL, | |
| Plaintiff and Respondent, | E067436 |
| v. | (Super.Ct.No. CIVDS1605634) |
| LUCERNE VALLEY UNIFIED SCHOOL DISTRICT et al., | OPINION |
| Defendants and Appellants. | |


APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Affirmed.

Cummings, McClorey, Davis, Acho & Associates and Ryan D. Miller for Defendant and Appellant.

Law Offices of Robert D. Conaway and Robert D. Conaway for Plaintiff and Respondent.

Plaintiff and respondent Dawn D. Turnbull sued defendants and appellants the Lucerne Valley Unified School District (LVUSD), Tom Courtney, Suzette Davis, John Buchanan, and Keri Gasper.  Turnbull brought causes of action for (1) disclosing her

private medical information (Civ. Code, § 1798.63); (2) invading her privacy (Pen. Code, § 637.2); (3) interfering with her constitutional rights (Civ. Code, § 52.1, subd. (b)); (4) violating her civil rights (42 U.S.C.A. § 1983); and (5) conspiring to deprive her of her right of privacy or right of free speech (42 U.S.C.A § 1985(3)).

LVUSD, Courtney, and Davis brought an anti-SLAPP motion, which the trial court denied. (Code Civ. Proc., § 425.16.)[1] LVUSD, Courtney, and Davis contend the trial court erred by denying their motion. We affirm the order denying the anti-SLAPP motion.

## FACTUAL AND PROCEDURAL HISTORY

A.   COMPLAINT

The facts in this subsection are taken from Turnbull's complaint. Davis is the superintendent of LVUSD. Turnbull and Courtney were members of the LVUSD board. Although not explicit, it can be inferred from the complaint that Buchanan was also a member of the LVUSD board. Gasper was an LVUSD volunteer.

Turnbull opposed Davis's alleged misappropriation of LVUSD funds. In retaliation for Turnbull's opposition, Davis (1) obtained confidential medical information about Turnbull from Turnbull's employer; (2) generated false reports from the California Longitudinal Pupil Achievement Data System (CALPADS), concerning school lunch program eligibility; and (3) on July 8, 2015, falsely told LVUSD board members that evidence strongly suggested Turnbull illegally accessed CALPADS.

---

[1] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

2

Shortly after the July 8, 2015, LVUSD board meeting, Courtney and Buchanan, as private citizens, called Turnbull's employer to report Turnbull's allegedly unlawful access of CALPADS. Turnbull had legally accessed CALPADS to obtain a report concerning her stepchild.

Courtney used his position as a LVUSD board member to obtain access to Turnbull's private medical information. Courtney, as a private citizen, caused Turnbull's private medical information to be published on social media or gave the information to people who published it on social media. Courtney intended to intimidate Turnbull to stop her from opposing Davis's acts of misappropriation. Gasper received Turnbull's private medical information from Courtney, Davis, or Buchanan. Gasper published the information on social media.

In Turnbull's first cause of action, she alleged all of the defendants disclosed her private medical information, in particular an off-work note from Turnbull's doctor. (Civ. Code, § 1798.63.) In the second cause of action, against all of the defendants, Turnbull alleged the release of her medical off-work note constituted an invasion of privacy, which led to the loss of her job with Oro Grande Unified School District (OGSD).

In Turnbull's third cause of action, she alleged all of the defendants retaliated against her for a variety of actions including opposing Davis's misappropriation of funds. Courtney pressured Turnbull to resign and then threatened to have Turnbull recalled. Turnbull alleged all of the defendants used their official authority or influence to intimidate and coerce Turnbull, which ultimately led to Turnbull losing her job at

3

OGSD. Additionally, to the extent LVUSD resources were used to retaliate against Turnbull, that was also wrongful.

In Turnbull's fourth cause of action, she alleged all of the defendants retaliated against her for a variety of actions including opposing Davis's misappropriation of funds. Turnbull asserted defendants violated her expectation of privacy. Turnbull alleged she lost her job with OGSD as a result of defendants' actions.

In the fifth cause of action, Turnbull alleged the superintendent of OGSD (Griggs) accessed Turnbull's private medical information and gave it to Davis. Davis conspired to violate Turnbull's right of privacy for the purpose of chilling Turnbull's exercise of free speech. Turnbull sought general damages, special damages, statutory damages, punitive damages, attorney's fees, costs, and any other proper relief.

B.     ANTI-SLAPP MOTION

LVUSD, Courtney, and Davis (collectively, defendants) filed an anti-SLAPP motion. (§ 425.16.) The first issue in an anti-SLAPP analysis is whether the allegations in the complaint arise from protected activities. Defendants asserted Turnbull's first and second causes of action concerned the disclosure of Turnbull's medical off-work note. Defendants contended Turnbull's off-work note was a matter of public interest because Turnbull failed to attend LVUSD board meetings, and thus, the disclosure constituted a protected activity.

As to the third cause of action, defendants asserted Turnbull's allegations concerned statements and deliberations at LVUSD board meetings, and thus were protected activities. In regard to the fourth and fifth causes of action, defendants

4

asserted no new facts were alleged and therefore the analysis pertaining to the first, second, and third causes of action also applied to the fourth and fifth causes of action.

The second prong of an anti-SLAPP analysis concerns whether the plaintiff has a probability of prevailing on the merits of her claims. In regard to the first and second causes of action, defendants asserted Turnbull could not prevail because defendants have immunity for discretionary acts. (Gov. Code, § 820.2.) Defendants asserted that even if they disclosed Turnbull's medical off-work note to embarrass and humiliate Turnbull, they would be immune from liability because malicious acts are within their discretion.

Next, defendants asserted Turnbull could not prevail on her first and second causes of action because OGSD independently decided to terminate Turnbull's employment and the voters in LVUSD independently decided to recall Turnbull. Therefore, defendants were not the proximate cause of Turnbull's damages. Additionally, defendants contended Turnbull could not demonstrate an invasion of privacy because there is no privacy interest in a medical off-work note, which contains no medical information.

In regard to the third cause of action, defendants asserted Turnbull could not prevail because defendants were not the proximate cause of her damages, e.g., OGSD independently decided to terminate Turnbull's employment and LVUSD voters independently decided to recall Turnbull. Next, defendants contended Turnbull could not demonstrate she was subjected to threats of violence as required for a violation of Civil Code section 52.1. In regard to the allegation that LVUSD resources were used to

5

retaliate against Turnbull, defendants asserted the claim failed because Turnbull failed to allege what resources, if any, were used.

As to the fourth and fifth causes of action, defendants asserted Turnbull could not prevail because she lacked standing since defendants did not cause Turnbull's injury, in that they did not terminate Turnbull's employment or recall her board membership. Next, defendants contended Turnbull could not succeed on her fourth and fifth causes of action because she failed to allege sufficient facts to support the causes of action.

C.    OPPOSITION

Turnbull opposed defendants' anti-SLAPP motion. Turnbull asserted the anti-SLAPP motion did not comply with the timing provisions for filing a motion and therefore should be denied. (§ 425.16, subd. (f).) Turnbull asserted the anti-SLAPP motion did not comply with the rule requiring the notice of motion to set forth the nature of the order being sought and the grounds for issuance of the order, and therefore the motion should be denied. (Cal. Rules of Court, rule 3.1110(a).)

The first prong of anti-SLAPP analysis concerns whether the claims arise from protected activity. As to the first and second causes of action, Turnbull asserted they were based upon defendants accessing her medical off-work note, providing the medical information to the public, calling OGSD to accuse Turnbull of illegally accessing CALPADS, and having Turnbull removed from an unrelated nonprofit board. Turnbull contended none of the acts alleged in the first and second causes of action concerned protected activities because none of the acts were done by defendants in their official capacities.

6

As to the third cause of action, Turnbull argued her claim for retaliation was not based upon LVUSD board actions. Turnbull contended the retaliation occurred on social media and in personal telephone calls to OGSD. Turnbull asserted the personal acts were not protected activities.

The second prong of the anti-SLAPP analysis concerns the plaintiff's probability of prevailing. Turnbull contended her allegations did not concern defendants' acts at LVUSD board meetings and therefore defendants were not immune from liability. In regard to the alleged lack of proximate causation, Turnbull asserted her allegations did not concern the recall. Turnbull alleged Courtney, Davis, and Buchanan, falsely (1) told OGSD, (2) wrote on social media, and (3) e-mailed a nonprofit that Turnbull illegally accessed CALPADS. The falsehoods were communicated for the purpose of causing Turnbull to lose her job with OGSD and her position with the nonprofit board. Turnbull asserted defendants were the proximate cause of her damages.

Turnbull contended she had an expectation of privacy in the medical off-work note because it was given to OGSD, i.e., her employer. Turnbull did not expect the note to be published in the LVUSD area. In regard to insufficient facts in the complaint, Turnbull contended defendants should have demurred if the facts were insufficient. In regard to the fourth and fifth causes of action, Turnbull asserted she had standing to bring the causes of action because defendants were the cause of her harm. Turnbull explained that defendants caused Turnbull to lose her job with OGSD by falsely telling OGSD that Turnbull illegally accessed CALPADS.

7

D.    HEARING

The trial court held a hearing on defendants' anti-SLAPP motion.  Defendants argued that Turnbull's illness was matter of public interest because Turnbull failed to attend LVUSD board meetings.  Turnbull asserted her lawsuit did not concern activities at LVUSD board meetings.  Turnbull argued that her job with OGSD was not a matter of public interest.  Turnbull contended defendants fabricated the CALPADS allegation and communicated the false allegation to OGSD so as to cause Turnbull to lose her job with OGSD.  Turnbull asserted the alleged acts took place in Davis's and Courtney's personal capacities.

Defendants contended private communications concerning matters of public interest are protected activities.  Defendants asserted the alleged acts were within "the normal realm of dirty politics" and therefore their alleged acts were protected—because they were political acts.  The trial court took the matter under submission.

E.    RULING

The trial court found Turnbull's causes of action arose from "defendants improperly obtain[ing] her confidential medical information, and ha[ving] that information disclosed on social media."  The trial court found defendants failed to demonstrate that Turnbull's medical information was disclosed during a LVUSD board meeting or during LVUSD board discussions, or that it was matter of public interest.  As a result, the trial court found defendants failed to prove the alleged acts were protected activities.  The trial court denied defendants' anti-SLAPP motion.

8

## DISCUSSION

### A.     ANTI-SLAPP MOTION

#### 1.     *LAW AND STANDARD OF REVIEW*

The anti-SLAPP statute is designed to "encourage continued participation in matters of public significance" by stopping lawsuits that would otherwise chill a person's public participation due to abuse of the judicial process. (§ 425.16, subd. (a).) There are two steps to determining if a lawsuit is designed to curb the defendant's participation in matters of public significance.

The first step is examining the causes of action to determine if they arise from any act in furtherance of the defendant's "right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b).) The second step is determining whether the plaintiff has a probability of prevailing on her claims. (§ 425.16, subd. (b).) If a cause of action arises from an act in furtherance of the defendant's right of petition or free speech and the plaintiff does not have a probability of prevailing, then the cause of action will be stricken. (§ 425.16, subd. (b).) We apply the de novo standard of review. (*Park v. Board of Trustees of California State University System* (2017) 2 Cal.5th 1057, 1067.)

### B.     PROTECTED ACTIVITY

#### 1.     *LAW*

An " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes . . . (3) any written or oral statement or writing made in a place open to the public or a

9

public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

"In deciding whether the initial 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b).)" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) " 'The mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute. [Citation.] . . . In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity.' " (*In re Episcopal Church Cases* (2009) 45 Cal.4th 467, 477.)

### 2. *FIRST AND SECOND CAUSES OF ACTION*

#### a. Contention

Defendants contend Turnbull's first and second causes of action arise from protected activity.

Turnbull's first cause of action is based upon the alleged disclosure of her private medical information. (Civ. Code, § 1798.63.) Turnbull alleged defendants disclosed her private medical information for the purpose of embarrassing Turnbull. As a result of the disclosure, Turnbull missed LVUSD board meetings and lost her job with OGSD.

10

Turnbull's second cause of action is based upon an alleged invasion of privacy. (Pen. Code, § 637.2.) Turnbull alleged defendants disclosed her private medical information to embarrass her. As a result of the disclosure, Turnbull was unable to participate in LVUSD board meetings and lost her job at OGSD. In Turnbull's general allegations, she asserts Courtney and/or Davis gave Turnbull's private medical information to Gasper, who published the information on social media.

We understand Turnbull's first and second causes of action as faulting Courtney and Davis for giving Gasper Turnbull's medical off-work note. The note written by Turnbull's doctor is not a statement or writing made by Courtney or Davis. Further, defendants do not explain in what environment the note was given to Gasper. For example, it is unknown if the note was given to Gasper during an LVUSD board meeting.

Courtney's declaration was submitted in support of the anti-SLAPP motion. In Courtney's declaration he declared Turnbull's absence from LVUSD board meetings "was a topic of much conversation during Board meetings," but "during board meetings [the board] did not discuss any medical conditions or medical history relating to [Turnbull]." It is unclear from this evidence if the off-work note was given to Gasper during an LVUSD board meeting or at another time. Accordingly, it has not been established that the giving of the note to Gasper is protected as a statement or writing made in a place open to the public or a public forum. (§ 425.16, subd. (e)(3).)

We now examine whether giving the off-work note to Gasper was an act "in furtherance of the exercise of the constitutional right of petition or the constitutional

11

right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).) Defendants fail to explain what, if anything, Gasper wrote on social media. As a result, it is unclear if Gasper exercised her right of free speech in connection with a public issue or issue of public importance.

The trial court granted defendants' request for judicial notice concerning various online articles about Turnbull's dispute with Davis and LVUSD board members and her recall. The trial court explained that the request for judicial notice was granted as to the existence of the articles, but not as to the truth of the articles' contents. Thus, the contents of the articles cannot be used to explain what, if anything, Gasper wrote on social media. (*Ragland v. U.S. Bank Nat. Assn.* (2012) 209 Cal.App.4th 182, 194.)

In sum, defendants have not explained how giving the off-work note to Gasper constitutes "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).) Therefore, defendants have not shown the allegations in the first and second causes of action arise from protected activity.

Defendants contend the first and second causes of action arise from protected activity because Turnbull's absence from LVUSD board meetings was a matter of public interest, as shown by the judicially noticed newspaper articles. Defendants failed to explain what, if any, comments were made by Gasper. As a result, this court has no means of knowing whether Gasper made comments that concerned Turnbull's attendance at LVUSD board meetings. Because defendants have failed to show there is a connection between (1) Gasper's comments, if any; and (2) the alleged issue of public

importance, defendants have failed to show that the alleged act of giving the note to Gasper was an act "in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).)

### 3. *FOURTH AND FIFTH CAUSES OF ACTION*

Defendants contend Turnbull's fourth and fifth causes of action arise from protected activity.

Turnbull's fourth cause of action is based upon a deprivation of her right of privacy. (42 U.S.C.A. § 1983.) Turnbull alleged Davis accessed Turnbull's medical off-work note that was given to OGSD, i.e., Turnbull's employer. Turnbull's fifth cause of action alleges a conspiracy to deprive Turnbull of her right of privacy or right of free speech. (42 U.S.C.A. § 1985(3).) Turnbull alleges Griggs, the OGSD superintendent, copied Turnbull's medical off-work note and gave it to Davis. Griggs gave the note to Davis for the purpose of intimidating Turnbull into not pursuing her claims that Davis misappropriated LVUSD funds.

The fourth and fifth causes of action concern Davis accepting the off-work note from Griggs. The act of accepting a note is not a statement or writing made by Davis. Additionally, there is no declaration from Davis or Griggs explaining where the note was given to Davis, assuming the allegation is true. As a result, there is nothing indicating the note was given to Davis in a place open to the public or in a public forum. As a result, defendants have not shown Davis's acceptance of the note is protected as a

"written or oral statement or writing made in a place open to the public or a public forum." (§ 425.16, subd. (e)(3).)

Next, we examine if Davis's acceptance of the note was "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).) As set forth *ante*, the off-work note was allegedly given to Gasper, who published the information on social media. It is unclear what, if anything, Gasper wrote on social media. As a result, we do not know if Gasper's comments related to Turnbull's absence from LVUSD board meetings. Therefore, defendants have failed to establish Davis's alleged acceptance of the off-work note was conduct in furtherance of Gasper's right of free speech in connection with a public issue or issue of public interest. (§ 425.16, subd. (e)(4).)

Defendants contend Turnbull's fourth and fifth causes of action arise from protected activity because the allegations concern conduct that "occurred in a public forum, by public officials, during public meetings regarding a public matter." Defendants do not provide a record citation (Cal. Rules of Court, rule 8.204(a)(1)(C)), nor do defendants explain what portion of the record reflects Davis accepted the medical off-work note from Griggs during a public meeting. Accordingly, we find defendants' argument to be unpersuasive.

14

4. *THIRD CAUSE OF ACTION*

a. Procedural History

The third cause of action is based upon an alleged violation of Civil Code section 52.1 which prohibits interference "by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual . . . of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." (Civ. Code, § 52.1, subd. (a).) The alleged victim may sue the alleged harasser for civil damages. (Civ. Code, § 52.1, subd. (b).)

In the third cause of action, Turnbull alleged (1) Courtney pressured Turnbull to resign from the LVUSD board; (2) Courtney threatened to have Turnbull recalled from the LVUSD board; and (3) Courtney used LVUSD's resources to support the efforts to recall Turnbull. Courtney allegedly used LVUSD's resources in the following manner: (a) during the July 8, 2015, LVUSD board meeting board members discussed gathering signatures for the recall; (b) during the September 1, 2015, LVUSD board meeting board members insisted on proceeding with recall efforts; (c) during the September 15, 2015, LVUSD board meeting Courtney said "that they needed to take steps to stop Dawn Turnbull which included '. . . report[ing] this to the authorities' going to [OGSD]"; (d) Courtney and Buchanan telephoned OGSD several times concerning Turnbull; (e) Courtney posted, on his personal Facebook page, that Turnbull should be fired from OGSD.

Turnbull alleged that using LVUSD's resources to support the recall was a violation of Education Code section 7054, subdivision (a), which provides, "No school

15

district . . . funds, services, supplies, or equipment shall be used for the purpose of urging the support or defeat of any ballot measure or candidate, including, but not limited to, any candidate for election to the governing board of the district." The statute further provides that any violation of the statute "shall be a misdemeanor or felony punishable by imprisonment in a county jail." (Educ. Code, § 7054, subd. (c).)

### b. Clarifying the Cause of Action

We seek to clarify the basis of Turnbull's third cause of action. A violation of Education Code section 7054 is a crime. Therefore, Turnbull is not suing for a violation of Education Code section 7054 because this case is a civil matter. As a result, the various ways in which Courtney allegedly used LVUSD resources to support the efforts to recall Turnbull are not pertinent to the third cause of action.

Civil Code section 52.1 is the legal basis for the third cause of action. Civil Code section 52.1 concerns interfering with a person's constitutional rights by threatening, intimidating, or coercing the person. (Civ. Code, § 52.1, subd. (a).) The alleged acts associated with Civil Code section 52.1 are (1) Courtney pressured Turnbull to resign from the LVUSD board, and (2) Courtney threatened to have Turnbull recalled.

Turnbull alleges Courtney pressured and threatened her because Turnbull objected to various misdeeds by Davis and LVUSD board members, such as (1) gifting thousands of dollars' worth of ovens to friends of LVUSD board members; (2) failing to address missing student lunch funds; and (3) awarding a construction contract to Courtney's family business without proper disclosures and recusals.

16

c.      Analysis

Defendants contend the third cause of action arises from protected activity.

We examine whether the threats and pressure are protected as statements or writings "made in a place open to the public or a public forum in connection with an issue of public interest." (§ 425.16, subd. (e)(3).)  It is unclear from the complaint when and where the threats and pressure allegedly occurred.  It is possible that Turnbull is referring to the release of the medical off-work note as a threat and pressure.  In the general allegations section of the complaint, Turnbull alleges the off-work note was published on social media for the purpose of intimidating Turnbull.  Thus, it is possible Turnbull is alleging the release of the medical note constituted the pressure and/or threat.

However, within the third cause of action, Turnbull alleges Courtney "threatened to recall [Turnbull]."  That allegation implies that Courtney made a threat expressly concerning a potential recall.  As a result, it is unclear if Turnbull is asserting the release of the medical note constituted the pressure and threats.  Because the complaint is vague as to when and where the threats and pressure occurred, it cannot be concluded from the face of the complaint that the threats and pressure occurred in a place open to the public or in a public forum.

In Courtney's declaration, he explains that at the April 15, 2015, LVUSD board meeting, the board censured Turnbull and voted in favor of requesting Turnbull's resignation.  It is possible that the April 15 vote constitutes the pressure to resign, in which case the pressure occurred during an LVUSD board meeting, which means it

17

happened in a place open to the public or a public forum. (See *Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1286 [using a declaration to understand a vague pleading]; *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1418-1420 [same].)

Turnbull filed a declaration in opposition to the anti-SLAPP motion. In the declaration, Turnbull declared, "Defendant[s] by their retaliatory action, calculated to intimidate me, have violated California Civil Code [section] 52.1(b) as stated in the complaint." It is unclear from Turnbull's declaration when and where the pressure and threats allegedly occurred.

In Turnbull's respondent's brief, when explaining the second prong of the anti-SLAPP analysis (probability of prevailing), she refers to a threat made by Courtney on Facebook. Courtney allegedly said he would like to see Turnbull publicly stoned and that he "could still throw a mean fastball." It is unclear if this is the threat to have Turnbull recalled because there is no mention of a recall in the alleged threat. In Turnbull's opposition to the anti-SLAPP motion, she asserts defendants retaliated against her on social media and in personal e-mails.

Turnbull's third cause of action is vague, which means one can only speculate as to the basis for the third cause of action. Courtney's declaration permits speculation that the "pressure" portion of the third cause of action concerns Courtney's acts at an LVUSD board meeting; however, Turnbull's documents reflect the claim could be based upon the release of the medical note, posts on social media, and/or personal e-mails.

18

Defendants assert websites open to the public are public forums, and therefore Facebook posts would be protected activities. Defendants do not cite to evidence reflecting these particular Facebook pages were open to the public, e.g., defendants do not provide a record citation to evidence regarding the privacy settings on the pages. Accordingly, it cannot be concluded that these particular Facebook pages were open to the public.

Because Courtney does not assert that he only interacted with Turnbull at LVUSD board meetings or on publicly accessible websites, defendants have not established that the alleged pressure and threats occurred in a place "open to the public or a public forum." (§ 425.16, subd. (e)(3); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [the moving defendant bears the burden of proving protected activity].) In sum, defendants have not met their burden of establishing the third cause of action arises from protected activity.

Defendants assert Turnbull's third cause of action arises from protected activities because "[e]ach and every factual allegation . . . involves deliberations and statements made during a Board meeting, by members of the Board." Defendants cite to Turnbull's allegations concerning the alleged misuse of LVUSD board resources (Educ. Code, § 7054, subd. (c)), which, as explained *ante*, is not the basis for Turnbull's third cause of action.

Further, the alleged misuse of resources took place after the pressure and threats. Turnbull alleged that she refused to resign despite pressure and threats, and then Courtney allegedly used LVUSD resources to support the recall effort against Turnbull.

19

Specifically, Turnbull alleged, "Courtney pressured [Turnbull] into resigning and when that failed, threatened to recall [Turnbull] and when that failed, putting [*sic*] [LVUSD's] resources behind recalling [Turnbull] . . . ." Defendants' argument is not persuasive because it focuses on what occurred at LVUSD board meetings after the alleged pressure and threats. Because defendants do not explain why the alleged pressure and threats constitute protected activity, we find their argument to be unpersuasive.

D.    CONCLUSION

Defendants have failed to establish that the allegations in the complaint arise from protected activities. Accordingly, we do not examine the second prong of the anti-SLAPP analysis, which is the plaintiff's probability of prevailing on the merits. (§ 425.16, subd. (b)(1).)

E.    DISMISSAL

Turnbull contends defendants' appeal should be dismissed because, in the clerk's transcript, the trial court's order denying the anti-SLAPP motion is set forth in a minute order rather than a signed order, and a signed order is not attached to defendants' December 13, 2016, notice of appeal. On January 26, 2017, defendants filed an amended civil case information statement with this court that included a formal order denying the anti-SLAPP motion. The formal order denying the anti-SLAPP motion was filed in the trial court on January 23, 2017. On February 6, 2017, this court filed an order construing defendants' notice of appeal as being from the formal order dated January 23, 2017. (Cal. Rules of Court, rule 8.104(d).) In other words, this court has

20

already addressed this issue.  The error in the lack of formal order has been cured.

Accordingly, we deny Turnbull's request to dismiss the appeal.

## DISPOSITION

The order is affirmed.  Respondent is awarded her costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

CERTIFIED FOR PUBLICATION

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

CODRINGTON _____

J.